```
         ____ FILED       ____ LODGED
         ____ RECEIVED    ____ COPY

              FEB 26 2018

         CLERK U S DISTRICT COURT
           DISTRICT OF ARIZONA
         BY_____ DEPUTY
```

Ben C. Reed [Pro Se]

2304 N Sahuara Ave, Tucson, AZ 85712

Arizona District Court, Tucson

Benjamin C. Reed,

      Plaintiff,

  vs.

Universal Health Services

Universal Corporate Center

367 South Gulph Road

PO Box 61558

King Of Prussia, PA 19406

United States

      Defendant

Case No.: _____

COMPLAINT.

CV18-101TUC RCC

## Complaint

PLAINTIFF BENJAMIN C. REED BRINGS FORTH THE FOLLOWING CAUSES OF ACTION AND ALLEGES THE FOLLOWING:

1. Plaintiff is an individual and resident of Pima County, Arizona.
2. Defendant is a corporation and at the time of this complaint is registered in the state of Delaware under EIN 23-2077891.
3. Plaintiff was involuntarily committed under false pretenses to Palo Verde Behavioral Health Center [PVBHC] on November 24th, at 9:15 PM.
4. PVBHC is wholly owned and operated by the defendant through a variety of 'veil corporations;' all of which the Plaintiff seeks to pierce.
5. Plaintiff suffered a vast array of civil rights violations at the hands of the defendant and requests to bring § 1983 action against all of them.

### Count 1 - Attempted Poisoning

DURATION OF STAY [NOV 24th through DEC 15th]

Plaintiff was enticed to poison himself via the presentation of an array of essential toiletries containing chemicals known to cause cancer, illness, and DNA damage. Tort of systematic negligence.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $10,000 including attorney's fees and court costs.

### Count 2 - Sexual Torture and Harassment

11/24/17   9:30 PM

An elderly female PVBHC admission employee demands: "Then take off your pants," and forces Plaintiff to remove his pants when plaintiff reveals he does not have AHCCCS insurance. Intentional tort of sexual harassment.

11/26/17   5:45 AM

PVBHC employees deprive Plaintiff of sexual privacy until they are able to monitor Plaintiff during involuntary orgasm. Intentional tort of torture.

11/27/17   1:50 PM

Plaintiff is confronted by PVBHC staff member to discuss his sexual torture claims against the hospital that she "had heard about" from another staff member [described above]. Intentional Tort.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory emotional damages in the amount of $5,000 including attorney's fees and court costs.

### Count 3 - Assault

11/27/17 12:30 PM

Plaintiff is assaulted by lead Behavioral Health Therapist and forced in to his room. Intentional Tort.

**DAMAGES**

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 4 - Gross Negligence

11/27/17 12:00 PM - 1:50 PM

Plaintiff is refused access to his personal belongings causing him to be unable to mail his rental-property key back to his land-lord which was due on that day. Landlord was furious and will not provide good reference in the future. Intentional Tort.

**DAMAGES**

WHEREFORE, Plaintiff seeks compensatory damages in the amount of $5,000 including attorney's fees and court costs.

### Count 5 - Negligence

11/29/17 8:15 AM

PVBHC janitorial staff attempts to spray Plaintiff with Clorox bleach from a 1 gallon hand pump apparatus while Plaintiff is in bed. Tort.

**DAMAGES**

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 6 - Negligence

12/02/17 7:45 AM

PVBHC patient Jose exposes his genitals to Plaintiff and requests Plaintiff to suck on his penis. Jose reveals to patient that he is involved in organized crime. Tort.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory emotional damages in the amount of $5,000 including attorney's fees and court costs, and punitive damages of $5,000.

### Count 7 - Negligence

12/02/17 7:45 AM

PVBHC patient Lyle Peck informs Plaintiff he is a leader of an organized crime ring and proceeds to assault Plaintiff with verbal treats.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 8 - Gross Negligence, Obstruction of Justice, Harboring

12/02/17 7:45 AM

Plaintiff informs PVBHC staff member Annie M. of the incidents in Count 6 and Count 7 and requests to file a police report for organized criminal activity. PVBHC staff ignores requests, chooses to harbor the criminals, and suppresses the Plaintiff's ability to open an investigation.

Plaintiff then calls 911. The number is blocked. Plaintiff calls a residential number to confirm the phones are "on." They are.

Applicable Statutes:

18 U.S.C. § 1071 (concealing a person from arrest)

18 U.S.C. § 1072 (concealing an escaped prisoner).

18 U.S.C. § 3571 (fine provisions)

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $25,000 including attorney's fees and court costs.

### Count 9 – Negligence

12/02/17 4:05 PM

Plaintiff is given a male room mate, much larger in stature. Roommate promptly makes verbal threats to kill Plaintiff. Tort.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 10 - Gross Negligence

12/02/17 4:05 PM

PVBHC staff member Margot is present during Count 9 and in response she "refuses to have a conversation about it". Intentional tort.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 11 -  Negligence

12/02/17 4:05 PM

PVBHC staff member Jennifer D. is present during Count 9 and in response she defaults to Margot who: "refuses to have a conversation about it" and takes no action. Intentional tort.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 12 - Gross Negligence

12/02/17 4:05 PM

Plaintiff relays complaint to PVBHC staff member Chase over incidents in Count 16. PVBHC staff instructs Plaintiff to "fight for your life" if roommate begins to execute threats. Then he walks away. Intentional tort.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 13 - Coercion to Defraud the United States

12/03/17 9:15 AM

PVBHC staff threatens food restrictions if Plaintiff does not accept unnecessary medical services. 25 CFR 11.406, 42 U.S. Code § 3617, 42 U.S. Code § 3603 (a)(1)(B).

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 14 - Gross Negligence

12/03/17 11:00 AM

Plaintiff is assaulted repeatedly by patient Jose with no provocation. Jose spits in Plaintiff's face, twice, at a distance of 12 inches. Plaintiff had attempted to file a restraining order against the patient due to the incidents [sexual harassment] in Count 6, but was prevented from initiating process by the obstructions of justice outlined in Count 8. Plaintiff files a grievance to the hospital from which there is no response, contacts his patient advocate from which there is no response, and requests again for PVBHC to contact the police to which there is no response.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages under 18 U.S. Code § 3571 (c)(3) in the amount of $25,000 including attorney's fees for felony violations of 18 U.S.C. § 1071.

### Count 15 – Systematic Negligence

11/27/17 – 12/14/17

PVBHC Policy mandates that a Tech must shine an extremely bright flashlight in the patients eyes every 15 minutes at night. Plaintiff suffered continuous loss of restful sleep from this practice. Tort.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000-- including attorney's fees and court costs.

### Count 16 – Grossly Negligent Coercion

12/06/17 5:30 AM

Plaintiff is badgered by RN over claims of sleep deprivation. RN attempts to bait Plaintiff into an agitated response in order to collect evidence to retroactively support the hospital's malicious diagnosis. Plaintiff is in bed during these verbal attacks.

12/06/17 5:35 AM

Plaintiff is badgered by *second* RN over claims against the hospital. RN attempts to bait Plaintiff into an agitated response in a systematically similar manner to the first RN who was baiting plaintiff only five minutes ago.

12/06/17 5:45 AM

Badgered by *third* RN over claims against the hospital. RN attempts to coerce Plaintiff into accepting unnecessary medical services.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 17 - Grossly Negligent Coercion [ Malpractice ]

12/04/17 5:30 PM

Plaintiff is badgered by Dr. Helms [Plaintiff's attending physician] over legal claims against the hospital. Doctor Helms tries to mitigate claims and leverage them into a diagnosis of paranoia.

12/05/17 4:30 PM

Plaintiff is badgered by Dr. Helms [Plaintiff's attending physician] over legal claims against the hospital. Doctor Helms tries to mitigate claims and leverage them into a diagnosis of paranoia.

12/06/17 10:30 AM

Plaintiff is badgered by Dr. Helms [Plaintiff's attending physician] over legal claims against the hospital. Doctor Helms tries to mitigate claims and leverage them into a diagnosis of paranoia.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $10,000 including attorney's fees and court costs.

### Count 18 - Coercion to Obstruct Justice

12/04/17 12:00 PM

PVBHC staff threatens punitive regime of forced medication [poisoning] if Plaintiff proceeds with trial contesting his petition as opposed to volunteering for treatment.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $10,000 including attorney's fees and court costs.

**Count 19 - Negligence**

12/05/17 6:20 AM

Plaintiff wakes to find Patient Jose waiting outside his room to assault him [same patient from Counts 6, 8, and 14]. Tort.

**DAMAGES**

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

**Count 20 - Gross Negligence, Obstruction of Justice, Harboring, Systematic Negligence**

12/05/17 6:25 AM

Plaintiff requests PVBHC staff member Karyn M. to call the police and file a restraining order in response to events in Count 19. PVBHC staff refuses to do so.

Applicable Statutes:

18 U.S.C. § 1071 (concealing a person from arrest)

18 U.S.C. § 1072 (concealing an escaped prisoner).

> "[...]the fine provisions of 18 U.S.C. § 3571 are applicable for offenses [of § 1071] committed on or after November 1, 1987."
>
> --Dept. of Justice Criminal Resource Manual 1827.

**DAMAGES**

WHEREFORE, Plaintiff seeks *a second instance of* compensatory and punitive damages under 18 U.S. Code § 3571 (c) (3) in the amount of $25,000--including attorney's fees--for felony violations of 18 U.S.C. § 1071 because of the clear and convincing evidence of an entirely *second and separate* instance of criminal intent on the part of PVBHC.

### Count 21 - Gross Negligence

12/06/17 - 12/08/17

Repairman removes mold by replacing the wall/sheetrock directly outside Plaintiff's room, exposing Plaintiff to the mold. Plaintiff suffers significant symptoms from mold exposure including sore throat, body aches, swollen lymph nodes, and general malaise. None of the 20 exposed patients were informed of the repair or offered a chance to move to another hall or another wing. Techs refused to allow Plaintiff to keep his door closed to avoid exposure upon request.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $25,000 including attorney's fees and court costs.

### Count 22 - Assault

12/07/17 3:30 PM

Dr. Helms visits and threatens to forcibly inject Plaintiff with medication if Plaintiff does not volunteer to try medication. Intentional Tort.

### DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $10,000 including attorney's fees and court costs.

**Count 23 –  Torture [Food Deprivation]**

12/07/17 1:00 PM

Plaintiff asks to leave facility and is placed on a reduced calorie diet as punishment.

12/08/17 8:30 AM

Reduced calorie diet is continued for breakfast.

12/09/17 9:00 AM

Reduced calorie diet is continued.

**DAMAGES**

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $5,000 including attorney's fees and court costs.

### Count 24 – Riot resulting in Intentional Grievous Bodily Injury

18 U.S.C. § 2101 (d) states: Whenever, in the opinion of the Attorney General or of the appropriate officer of the Department of Justice charged by law or under the instructions of the Attorney General with authority to act, any person shall have violated this chapter, the Department shall proceed as speedily as possible with a prosecution of such person hereunder and with any appeal which may lie from any decision adverse to the Government resulting from such prosecution.

December 8th, 2018  10:00 AM

A crowd of eight [8] nurses and techs gather around Plaintiff's room, blocking the doorway. They all assault Plaintiff, threatening to pin Plaintiff down on his bed and "inject a needle in to his ass" if he does not take the medication they are carrying in their hands.

The pill they are carrying is Ability, which--after repeated forced consumption--caused **Tardive Dyskinesia** in the Plaintiff and **EXTREMELY SEVERE AND DIBILITATING AKATHISIA**.

PVBHC administered this poisonous medication with no medical substantiation whatsoever and there is clear and convincing evidence that the administration was malicious.

Forced Consumption / Poisoning was administered 13 times as recorded in the Plaintiff's hand-written-journal, and the Plaintiff estimates he was poisoned a total of 14 times over a course of 7 days.

### **DAMAGES**

WHEREFORE, Plaintiff seeks compensatory damages in the amount of $1,000,000 including attorney's fees and court costs.

## Count 25 – RACKETEERING

### WITH INTENT TO DEFRAUD THE UNITED STATES VIA MEDICAID

11/24/17  9:15 PM

PVBHC employees receive Plaintiff's *wallet* and *drivers license* from a third party [ambulance staff]--without Plaintiff's consent--with the intent to defraud the United States via racketeering. Violation of 18 U.S. Code § 1028 (4).

11/24/17  9:15 PM

PVBHC employees perform an involuntary admission on a healthy person [Plaintiff] with the intent to defraud the United States via racketeering. No medical or psychological symptoms are found. Violation of 18 U.S. Code § 1201.

11/27/17  3:25 PM

PVBHC staff petitioned Plaintiff for court ordered evaluation on false, unrealistic, unverified claims from an unreliable source with the intent to defraud the United States. 18 U.S.C. § 1201.

12/07/17  9:04 AM

COPE community services receives a "court ordered treatment plan" from PVBHC 56 minutes ahead of the trial to determine if the court will order treatment. See Docket.

12/07/17 1:00pm

Trial begins at 10:00 AM and concludes at 11:00 AM. Judge orders out-patient only treatment in the transcripts. Hospital staff force Plaintiff back into confinement with no signed order from the Judge.

12/08/17 9:00 AM

Plaintiff places a call to the ACLU for help. PVBHC staff cuts the phone lines while plaintiff is on the phone for help.

12/08/17 11:00 AM

PVBHC fails to release the Plaintiff within twenty-four hours after he had been unlawfully seized and confined. In this failure PVBHC created a rebuttable presumption that Plaintiff has been transported in interstate or foreign commerce and as such is in violation of 18 U.S. Code § 1201 (b) and therefore 18 U.S. Code § 1201 (a) (1).

12/11/17  3:00 PM

PVBHC staff member Ashley asks Plaintiff to sign up for Arizona Health Care Cost Containment System [AHCCCS]. Plaintiff refuses. **PVBHC staff informs Plaintiff in plain english that he will be confined until he registers for AHCCCS.**

12/12/17 9:25 AM

Plaintiff is required to provide his Social Security Number under duress in the form of interminate confinement at PVBHC.

**Applicable Statutes include:**

18 U.S. Code § 1961 (1) [Racketeering - definitions]

    18 U.S. Code § 664 (relating to embezzlement from pension and welfare funds)

    18 U.S. Code § 1028 (relating to fraud and related activity in connection with identification documents)

    18 U.S. Code § 1503 (relating to obstruction of justice)

    18 U.S. Code § 1512 (relating to tampering with a witness, victim, or an informant)

    18 U.S. Code § 1513 (relating to retaliating against a witness, victim, or an informant)

    18 U.S. Code § 1581-1592 (relating to peonage, slavery, and trafficking in persons) [especially as peonage relates to unreasonable court fees]

    18 U.S. Code § 1581-1592 1951 (relating to interference with commerce, robbery, or extortion)

    18 U.S. Code § 1952 (relating to racketeering)

    18 U.S. Code § 1954 (relating to unlawful welfare fund payments)

    18 U.S. Code § 1956 & § 1957 - Laundering of monetary instruments: esp. as the Purchase of the PVBH Facility from the State of Arizona relates to the receipt of "federal matching dollars" by Arizona.

    18 U.S. Code § 1959 - (relating to violent crimes in aid of racketeering activity) esp. as punitive poisoning relates to coercion.

    18 U.S. Code § 2332b - Acts of terrorism transcending national boundaries specifically: 18 U.S. Code § 2332b (a)(1)(A),(a)(2),(b)(1)(A) with the the facility of confinement [PVBHC] qualified under 18 U.S. Code § 1201(b).

18 U.S. Code § 1957(e) states:

Violations of this section [1957] may be investigated by such components of the Department of Justice as the Attorney General may direct, and by such components of the Department of the Treasury as the Secretary of the Treasury may direct, as appropriate, and, with respect to offenses over which the Department of Homeland Security has jurisdiction, by such components of the Department of Homeland Security as the Secretary of Homeland Security may direct, and, with respect to offenses over which the United States Postal Service has jurisdiction, by the Postal Service. Such authority of the Secretary of the Treasury, the Secretary of Homeland Security, and the Postal Service shall be exercised in accordance with an agreement which shall be entered into by the Secretary of the Treasury, the Secretary of Homeland Security, the Postal Service, and the Attorney General.

18 U.S. Code § 2332 (f) states:

In addition to any other investigative authority with respect to violations of this title, the Attorney General shall have primary investigative responsibility for all Federal crimes of terrorism, and any violation of section 351(e), 844(e), 844(f)(1), 956(b), 1361, 1366(b), 1366(c), 1751(e), 2152, or 2156 of this title, and the Secretary of the Treasury shall assist the Attorney General at the request of the Attorney General. **Nothing in this section shall be construed to interfere with the authority of the United States Secret Service under section 3056.**

**DAMAGES**

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $450,000 including attorney's fees and court costs.

*Ben C. Reed* [Pro Se]

NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS. - 23

2364 N Sahuara Av
Tucson AZ 85712
ben@benjiheerlabs.com
703-677-7810