**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjiman C. Reed, | No. CV-18-00101-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Universal Health Systems, | |
| Defendant. | |

Pending before the court is Plaintiff Benjamin Reed's ("Reed") second application for in forma pauperis ("IFP") certification (Doc. 8). The court denied Reed's first application for IFP certification because he provided conflicting information about his monthly income and failed to provide other information requested in the form application. Doc. 7. In so ruling, the Court permitted Reed to refile his application. *Id*. On June 12, 2018 Reed filed his second application for IFP certification. Doc. 8. For the following reasons, Reed's second application for IFP certification is denied.

The federal IFP statute, 28 U.S.C. § 1915, is intended to benefit those too poor to pay or give security for costs of litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). The Supreme Court has noted that, in its general terms, 28 U.S.C. § 1915(a) prevents federal courts from denying a person the opportunity to commence, prosecute, or defend a civil or criminal action solely because their poverty makes it impossible to pay or secure the costs of litigation. *Id*. The individual seeking IFP certification pursuant to 28 U.S.C. § 1915, however, must submit an affidavit of indigency or poverty that sufficiently demonstrates his/her inability to both provide themselves with the necessities of life and

pay the costs of litigation.  *See* 28 U.S.C. § 1915(a); *Adkins*, 335 U.S. at 339–40.  IFP certification "is a privilege, not a right" and permission to so proceed is committed to the discretion of this Court.  *See Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

Based upon the information provided in his original (Doc. 2) and second (Doc. 8) IFP applications, this Court cannot verify Reed's assertion of indigency.  *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) (per curiam) (affiant must state facts in support of poverty with "some particularity, definiteness and certainty" (citation and internal quotation marks omitted)).  Though he attests his yearly income falls below the national poverty threshold, *see* Doc. 8 at 5, Reed's reported assets and expenses do not support a finding that he would be unable to pay the costs of these proceedings without depriving himself of life's necessities.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (an affidavit under 28 U.S.C. § 1915(a) is sufficient if it shows the person cannot pay court costs and "still be able to provide himself and dependents with the necessities of life" (citation and internal quotation marks omitted)); Doc. 8; Doc. 2.  This is not to say that the Court would require an IFP applicant, such as Reed, to demonstrate penniless destitution, or that an applicant must forego sufficient food, shelter, clothing, or support for dependents in order to pursue his case. *See Neitzke,* 490 U.S. at 324; *Adkins,* 335 U.S. at 342-43 (1948).  To the contrary, no man should be forced to go hungry to maintain his case, otherwise he himself may become a public charge and contravene the very purpose of the federal IFP statute.  *Id.*.  Nevertheless, something more than a mere statement of poverty is necessary before the Court will confer IFP status.  28 U.S.C. § 1915(a); *Adkins*, 335 U.S. at 339-40.

Here, Reed reports a monthly gross income of $1,000, $3,000 in personal bank accounts, and $400 in a business account for a business he classifies as "dormant."  *See* Doc. 8.  In his original application, Plaintiff also listed personal assets valued at $20,000.  *See* Doc. 2.  The Court further observes that Reed's reported monthly expenses are limited to $100 for food, $100 for transportation, $200 for recreational expenses, and $30 for a credit card installment payment.  *Id.*  Although Reed also lists a $200 monthly

expense for taxes, he failed to specify the nature of the payments as directed and, as such, the Court will not consider that amount in calculating his monthly expenses. *See* Doc. 8 at 4. Even if it did consider the reported monthly "taxes," the Court would nonetheless find Reed has not demonstrated he is entitled to IFP certification. Accordingly,

. . .

. . .

. . .

. . .

. . .

**IT IS ORDERED**:

1. Reed's Application to Proceed IFP (**Doc. 8**) is **DENIED**.

2. **Reed must pay the filing fee associated with this matter on or before sixty (60) days from the date of this order**. If Reed timely pays the filing fee associated with this matter, he is warned he shall be responsible for obtaining the necessary summons from the Clerk of the Court, serving the Defendant in accordance with the Rules of Civil Procedure, and, thereafter, adhering to the requirements for practice and procedure set forth in the Federal Rules of Civil Procedure and in our Local Rules of Practice for the District of Arizona (collectively "the Rules"). The Rules and other information helpful to self-represented litigants are available online at: http://www.azd.uscourts.gov/proceeding-without-attorney. As a self-represented civil litigant, Plaintiff might also consider scheduling an appointment with the Free Federal Court Self-Service Clinic for the District of Arizona in Tucson by contacting Mary Ann O'Neil, our federal court librarian, at (520) 205-4661 or MaryAnn_O'Neil@LB9.uscourts.gov. Information about this program is available at: http://www.azd.uscourts.gov/sites/default/files/documents/federal%20court%20self%20service%20clinic%20tucson.pdf.

3. **If Reed fails to tender payment as ordered, the Clerk of the Court is ordered to immediately enter judgment dismissing this matter, without prejudice, and to**

**close its file in this matter.**

Dated this 20th day of June, 2018.

_____
Honorable Raner C. Collins
Chief United States District Judge