**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin C Reed,<br><br>    Plaintiff,<br><br>v.<br><br>Universal Health Services,<br><br>    Defendant. | No. CV-18-00101-TUC-RCC<br><br>**ORDER** |

    Pending before the Court is Defendant Universal Health Services' ("UHS") Motions to Dismiss (Docs. 13, 20); and Plaintiff Benjamin Reed's Request for Additional Time to Serve the Defendant (Doc. 16), and Motion to Recover Unnecessary Costs of Service and Begin Default Proceedings (Doc. 12).

**I.**   **SERVICE AND SUMMONS**

    Plaintiff filed his Complaint and Application to Proceed In Forma Pauperis (IFP) on February 26, 2018. (Docs. 1-2.) On June 20, 2018, the Court denied the IFP, ordered Plaintiff to pay a filing fee, and informed Plaintiff that upon payment of the filing fee he was responsible for the summons and service upon the Defendant pursuant to Federal and Local Rules of Procedure. (Doc. 9.) Plaintiff paid the filing fee on July 2, 2018, but no summons issued. Instead, on September 6, 2018, he filed a motion alleging he had served Defendant on July 5, 2018, and the Court should order a default judgment in his favor since Defendant had not answered his Complaint. (Doc. 12.) But, Plaintiff's subsequent September 28, 2018 motion asks the Court to extend his time for service and states, "service

is in process and has been complicated." (Doc. 16.) In support, Plaintiff attached a letter from a process server asserting the same, but the letter was dated only one day prior to the filing of the extension motion. *Id.* Also, it was not until he filed the extension motion that he provided the Clerk of Court the summons, which issued that day. (*See* Clerk's Entry, Sept. 28, 2018.) Plaintiff's own pleadings demonstrate he did not serve the Defendant in a timely fashion and therefore Defendant's answer was not untimely. The Court will therefore deny Plaintiff's motion to award him costs and begin default proceedings. (Doc. 12.)

Defendant's first Motion to Dismiss alleges that because Plaintiff did not timely serve the Defendant, the case should be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff has not provided good cause for the failure, stating only that service was "complicated." Nor does the fact that his process server also found service difficult–long after the service deadline–furnish good cause. If he was experiencing difficulty with service, he could have filed a timely motion to extend the service deadline. He did not do so until the time for service had long passed.

The Court finds that although it may dismiss this case because of the service error, the Court also dismisses Plaintiff's Complaint because he has not pleaded facts supporting a cognizable claim entitling him to relief. The Court now turns to the second Motion to Dismiss for Failure to State a Claim. (Doc. 20.)

**II.  STANDARD OF REVIEW FOR MOTION TO DISMISS UNDER 12(B)(6)**

A complaint under 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While Rule 8 does not

require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.,* 550 U.S. at 555. A pleading must have both a cognizable legal theory and sufficient facts supporting the cognizable claim. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

If the plaintiff "fails to state a claim on which relief may be granted," the district court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). But, a "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). While dismissal is appropriate if the complaint's deficiencies cannot be cured by amendment, if the pleading can be remedied through the addition of facts, the claimant should be granted an opportunity to amend a complaint prior to final dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000).

### III. PLAINTIFF'S COMPLAINT

Plaintiff raises a federal § 1983 claim and several state tort claims against Defendant UHS arising from events occurring during his involuntary committal at UHS' Palo Verde facility pursuant to Arizona Revised Statute § 36-520 et seq. (Doc. 1 at 1.) While in Palo Verde, he was treated by UHS of Tucson, LLC, a subsidiary of UHS. UHS of Tucson is

not a named defendant, nor are any individual actors involved in the alleged constitutional violations and torts.

To raise a claim of deprivation of constitutional rights under 42 U.S.C. § 1983, a claimant must plead facts demonstrating (1) a defendant violated the claimant's federally protected rights and (2) the defendant acted "under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Any alleged constitutional violation must be attributed to the state to be actionable. *See Caviness v. Horizon Cnty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (private conduct is not a basis for a § 1983 claim). Furthermore, "[m]erely acting pursuant to a statute does not make one's conduct 'under color of state law.'" *United States ex rel. Settles v. Universal Health Svcs., Inc.*, 3:16-CV-1-J-32JRK, 2016 WL 5791258, at *3 (M.D. Fla. Oct. 4, 2016); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) (if abuse of statute is private, it is not state action, but joint participation with state official in constitutional violation may constitute state action); *Doherty v. Certified Fin. Planner Bd. of Standards, Inc.*, CV-12-01920-PHX-NVW, 2012 WL 5504183, at *2 (D. Ariz. Nov. 13, 2012) ("Merely contracting with the federal government does not make Defendant a state actor."); *Doe v. Bellin Mem'l Hosp.*, 479 F.2d 756, 761 (7th Cir. 1973) (hospital accepting state and federal financial support, and regulated by state laws does not transform its actions into state conduct). "Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Lugar*, 457 U.S. at 937. In essence, limiting liability to state actions mens that non-governmental parties are typically immune from liability under § 1983. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). To state a claim under § 1983 against a non-governmental party, "therefore, must show that the private parties' infringement somehow constitutes state action." *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996). To do so, the claimant must demonstrate that the private party (1) violated claimant's constitutional rights, (2) acted under color of state law, and (3) the violation was a result of an official policy or custom. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138

(9th Cir. 2012). "A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom. . . . Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Christie v. Iopa,* 176 F.3d 1231, 1235 (9th Cir. 1999) (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quotation marks omitted)).

Plaintiff's response to the Motion to Dismiss claims that Defendant is a state actor because UHS (1) involuntarily commits people per Arizona Revised Statute § 36[-520]; (2) takes custody of these individuals from the state; (3) receives state funding; and (4) bills through Arizona Health Care Cost Containment System (ACCCHS). However, none of these allegations of state action are contained in his Complaint. "In deciding whether to dismiss a claim under Rule 12(b)(6), the court is generally limited to reviewing only the complaint, but it may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the complaint if no party questions their authenticity." *Padres Hacia Una Vida Mejor v. Jackson*, 2012 WL 1158753, at *3 (E.D. Cal. April 6, 2012) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); and then *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)). Nor does the Complaint assert any facts alleging that the purported violations were pursuant to a policy or custom, a necessary element to his claim. Because the Court finds that the Complaint fails to plead facts supporting a cognizable legal theory–the only basis for federal jurisdiction–the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion.").

However, because it is possible the inadequacies of the Complaint may be remedied through the pleading of additional facts, the Court will dismiss Plaintiff's Complaint with leave to amend. If Plaintiff files an amended complaint, Plaintiff must write short, plain

statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant has violated a constitutional right are not acceptable and will be dismissed. Further, any amendment must address how and why Defendant's actions constituted state action and resulted from an official policy.

Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, he should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

Accordingly, IT IS ORDERED:

1. Plaintiff's Request for Additional Time to Serve the Defendant (Doc. 16) is DENIED.
2. Plaintiff's Motion to Recover Unnecessary Costs of Service and Begin Default Proceedings (Doc. 12) is DENIED.
3. Defendant Universal Health Services' Motions to Dismiss are GRANTED IN PART. (Doc 13, 20.)
4. Plaintiff's Complaint is DISMISSED with leave to amend. Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order.

5. If Plaintiff fails to file an Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall, without further notice, enter a judgment dismissing this case with prejudice.

Dated this 12th day of February, 2019.

_____
Honorable Raner C. Collins
United States District Judge